UNITED STATES BANKRUPTCY COURT
District of Colorado

In re:
CAREY JOE CHRISTENSEN         )
                              )    Case No. 16-13255-EEB
                              )
Debtor.                       )    Chapter 13
                              )

**MOTION TO IMPOSE STAY OF 11 U.S.C. §362(a)**

COMES NOW, debtor, Carey Joe Christensen, by and through her attorney of record, Jason Huston of the law firm of Colorado Legal Solutions, pursuant to 11 U.S.C. §362(c)(4)(B) hereby move this honorable court for an order putting into effect the stay enumerated in 11 U.S.C. §362(a) as to all creditors. As grounds for this request, the debtors state the following:

1. On April 6, 2016, the debtors filed a petition seeking relief under chapter 13 of the United States Bankruptcy Code.

2. Prior to filing the present action under chapter 13 the debtors previously filed two petitions within the prior year in which they sought relief under chapter 13 of the United States Bankruptcy Code. Those cases were:

    a) Case No. 15-21677-SBB, filed on 10/20/2015, dismissed on 12/10/2015 for the Debtor's failure to file all supporting documents;

    b) Case No. 15-24051-JGR, filed on 12/30/2015, dismissed on 03/02/2016 for noncompliance with 11 U.S.C. §1307.

3. Because of these prior filings within the last year the automatic stay of 11 U.S.C. §362(a) did not go into effect upon the filing of the present case pursuant to 11 U.S.C. §362(c)(4)(A)(i).

4. 11U.S.C. §362(c)(4)(B) permits a debtor, as a party in interest, to request that the court enter an order that the stay take effect in the case as to any or all creditors, after notice and a hearing if the filing of the later case is made in good faith as to the creditors to be stayed.

5. In the present case there is a rebuttable presumption that the case was filed not in good faith because the debtors had two or more previous cases pending within the last year. 11 U.S.C. §362(c)(4)(D)(i)(I).

6. The debtor avers her present case was made in good faith. The debtor filed her first case but was unable to provide all the documentation necessary for a complete filing due to

circumstances beyond her control.  As to the second case, undersigned counsel miscalendered the confirmation hearing scheduled in case 15-24051-JGR on March 2, 2016.  The dismissal of the second case was not due to error on the part of the Debtor.

7.	The debtor points to the fact that the present action was filed as a chapter 13 because the debtor is making a good faith effort to reorganize, and she believes she will be able to file a plan of reorganization that has a reasonable possibility of being confirmed.  The Debtor's proposed plan as filed seeks to address the objections raised in the most recently filed case.

8.	During the pendency of the prior cases, the debtor had changes in employment and personal situation created by a previous divorce that created serious financial as well as personal issues.  The debtor's employment has since stabilized and her living situation has become manageable; bringing added income to the household and creating the reasonable possibility of a successful plan for reorganization.

WHEREFORE, the debtor, by and through the law firm of Colorado Legal Solutions respectfully request the court enter an order that the stay of 11 U.S.C. §362(a) go into effect as to all creditors after proper notice and hearing.

DATED: April 6, 2016	/S/ Jason S. Huston
*Counsel to Debtor*
Attorney Registration Number 42080
Harkess & Salter, LLC
10200 W. 44th Ave. Suite 120
Wheat Ridge, CO 80033
(303) 531-5380
(866) 332-8697