United States Bankruptcy Court
District of Colorado

In re:  
Carey Jo Christensen  
    Debtor

Case No. 16-13255-JGR  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 1082-1     User: swansonj     Page 1 of 1     Date Rcvd: Apr 07, 2016  
                      Form ID: 822     Total Noticed: 13

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 09, 2016.
```
db             +Carey Jo Christensen,    4823 Chandler,    Denver, CO 80239-4925
tr             +Douglas B. Kiel,    Chapter 13 Trustee,    4725 S. Monaco St.,    Ste. 120,
                 Denver, CO 80237-3468
ust            +US Trustee,    Byron G. Rogers Federal Building,    1961 Stout St.,    Ste. 12-200,
                 Denver, CO 80294-1961
17132635      ++BELLCO CREDIT UNION,    P O BOX 6611,    GREENWOOD VILLAGE CO 80155-6611
                (address filed with court: Bellco Cu,    1111 S Colorado Blvd,    Denver, CO 80246)
17132637       +Citibank/The Home Depot,    Citicorp Credit Srvs/Centralized Bankrup,    Po Box 790040,
                 Saint Louis, MO 63179-0040
17132638       +Co H&f Auth,    1981 Blake St,    Denver, CO 80202-1229
17132640       +Kia Mtr Fin,    4000 Macarthur Blvd Ste1,    Newport Beach, CA 92660-2558
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
aty             E-mail/Text: jaysonhuston@gmail.com Apr 07 2016 22:51:21      Jason S. Huston,
                 10200 W. 44th Ave.,    Ste. 120,    Wheat Ridge, CO  80033
17132636       +EDI: CAPITALONE.COM Apr 07 2016 22:48:00      Capital One,    Attn  Bankruptcy,    Po Box 30285,
                 Salt Lake City, UT 84130-0285
17132639       +E-mail/Text: bknotice@erccollections.com Apr 07 2016 22:51:58      Enhanced Recovery Corp,
                 Attention  Client Services,    8014 Bayberry Rd,    Jacksonville, FL 32256-7412
17132641       +EDI: RMSC.COM Apr 07 2016 22:48:00      Syncb/hdhipj,    C/o P.o. Box 965036,
                 Orlando, FL 32896-0001
17132642       +EDI: RMSC.COM Apr 07 2016 22:48:00      Synchrony Bank/Care Credit,    Attn  Bankruptcy,
                 Po Box 103104,    Roswell, GA 30076-9104
17132643       +EDI: WFFC.COM Apr 07 2016 22:48:00      Wells Fargo,    Po Box 14517,    Des Moines, IA 50306-3517
                                                                                              TOTAL: 6
```

              ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Addresses marked '++' were redirected to the recipient's preferred mailing address  
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 09, 2016                                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 6, 2016 at the address(es) listed below:
```
              Douglas B. Kiel    ecfmail@denver13.com
              Jason S. Huston    on behalf of Debtor Carey Jo Christensen jaysonhuston@gmail.com
              US Trustee    USTPRegion19.DV.ECF@usdoj.gov
                                                                                             TOTAL: 3
```

| Information to identify the case: | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | **Carey Jo Christensen** | | | Social Security number or ITIN | xxx–xx–5314 |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | | | | Social Security number or ITIN | _ _ _ _ |
| | First Name | Middle Name | Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **District of Colorado** | | | Date case filed for chapter 13 | 4/6/16 |
| Case number: | **16–13255–JGR** | | | | |

Official Form 309I
# Notice of Chapter 13 Bankruptcy Case                                12/15

**For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline. (See line 13 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Carey Jo Christensen | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 4823 Chandler<br>Denver, CO 80239 | |
| 4. | **Debtor's attorney**<br>Name and address | Jason S. Huston<br>10200 W. 44th Ave.<br>Ste. 120<br>Wheat Ridge, CO 80033 | Contact phone 303–531–5380 |
| 5. | **Bankruptcy trustee**<br>Name and address | Douglas B. Kiel<br>Chapter 13 Trustee<br>4725 S. Monaco St.<br>Ste. 120<br>Denver, CO 80237 | Contact phone 720–398–4444 |
| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address.<br>You may inspect all records filed in this case at this office or online at www.pacer.gov. | US Bankruptcy Court<br>US Custom House<br>721 19th St.<br>Denver, CO 80202–2508 | Hours open: Monday – Friday 8:00 – 4:30 PM<br>Contact phone 720–904–7300<br>Date: 4/7/16 |

**For more information, see page 2**

Official Form 309I COB#822 b309i_13          Notice of Chapter 13 Bankruptcy Case                     page 1

Debtor **Carey Jo Christensen**                                                                                  Case number **16–13255–JGR**

| 7. | Meeting of creditors<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **May 17, 2016 at 02:30 PM**<br><br>**The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.**<br><br>**Under Bankruptcy Rule 4002(b)(1)–(2), an individual debtor shall bring the following to the meeting of creditors:**<br><br>**1) picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity AND evidence of a social security number OR a written statement that such documentation does not exist; and**<br><br>**2) documents or copies of a) debtor's current income such as the most recent payment advice, pay stub, or earnings statement; and b) statements for each of the debtor's depository accounts (bank. credit union and investment) for the time period that includes the date of the filing of the petition OR a written statement that such documentation does not exist; and**<br><br>**3) documentation of monthly expenses claimed if required under 11 U.S.C. §707(b)(2)(A) or (B).** | **Location:**<br>**Byron G. Rogers Federal Building, 1961 Stout Street, Suite 16–200, Room B, Denver, CO 80294** | |
|---|---|---|---|---|
| 8. | **Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 7/18/16** | |
|   |   | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 8/15/16** | |
|   |   | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 10/3/16** | |
|   |   | **Deadlines for filing proof of claim:**<br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.<br>If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | | |
|   |   | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** | 30 days after the *conclusion* of the meeting of creditors |
|   | The case trustee must receive these documents by the following deadlines | **Deadline to provide documents:**<br>You shall provide to the case trustee a copy of the federal income tax return required under applicable law, or a transcript of such return, for the most recent tax year ending immediately before the commencement of the case and for which a federal income tax return is filed, and provide the same tax information to creditors that requested a copy at least fourteen days prior to the meeting of creditors. See 11 U.S.C. § 521(e)2) and Fed. R. Bankr. P. 4002(b). You shall also file with the appropriate tax authorities tax returns that were to previously submitted and were required to be submitted under application law. 11 U.S.C. § 1308. The debtor's failure to comply will result in dismissal of the case unless the debtor demonstrates that the failure to comply is due to circumstances beyond the control of the debtor. See L.B.R. 1017–2. | **Filing deadline:** | 7 days *before* the meeting of creditors |
| 9. | **Filing of plan** | The debtor has filed a plan. The plan or a summary of the plan is enclosed. **The hearing on confirmation will be held on:**<br>**6/9/16** at **10:00 AM**, Location: **U.S. Custom House, 721 19th St., Courtroom D, Denver, CO 80202** | | |

| | |
|---|---|
| | Unless a written objection is filed, the plan may be confirmed an unopposed upon the filing of Verification of Confirmable Plan pursuant to Local Bankruptcy Rule (L.B.R.) 3015–1. |
| | The last day to file an objection to the plan is three court days before the date of the first scheduled meeting of creditors, pursuant to Bankruptcy Rules 2002(b) and 9006(c) and L.B.R. 3015–1. Objections to the plan must comply with L.B.R. 3015–1 and shall clearly specify the grounds upon which they are based, including the citation of supporting legal authority, if any. General objections will not be considered by the Court. Objecting parties and the debtor should check the calendar of the Judge assigned to this case on the court's website to ascertain whether the hearing on confirmation will be conducted in person or by telephone and to obtain the necessary instructions for connecting by telephone. |
| | Parties objecting to confirmation and the debtor are obligated to meet and confer no later than seven days prior to the hearing on confirmation pursuant to L.B.R. 3015–1, and timely file a Certificate and Motion to Determine Notice in accordance with L.B.R. 3015–1(f) or 3015–1(g). |
| **10. Case trustee's and Creditor's reports** | The case Trustee or a creditor may file a report no later than seven days after the initial meeting of creditors reporting the debtor's falure to comply with the requirements to provide tax returns. The Trustee may also use the report to supplement any initial objection to confirmation previously by the Trustee. The report shall allow the debtor fourteen days to file an objections and verification that the failure to comply was due to circumstances beyond the control of the debtor. Absent separate notice, any objection shall be heard at the time of the confirmation hearing. |
| **11. Notice of possible dismissal** | You are hereby notified that if this case was filed as deficient, it is subject to the United States Trustee's Standing Motion to Dismiss under Local Bankruptcy Rule 1017–3(a)(3), and/or the dismissal provisions of 11 U.S.C. § 521(i). |
| **12. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadline in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **13. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the court orders otherwise. |
| **14. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at  www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **15. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 8. |